Whitaker, Judge,
dissenting:
The Assiniboine Tribes of Indians probably had an interest in the lands for which the Blackfeet and Gros Ventre Tribes seek to recover fair compensation, but they did not present their claim until more than five years after the date of approval of the Indian Claims Commission Act, and section 12 of that Act provides:
* * * no claim existing before such date but not presented within such period may thereafter be submitted *145 to any court or administrative agency for consideration, nor will such claim thereafter be entertained by the Congress.
The only escape suggested by the majority opinion is that in 1949 the two bands of the Assiniboine tribe employed attorneys to prosecute their claims under the Indian Claims Commission Act, and that one of these contracts expressly mentioned claims arising under the Act of 1888. However, these attorneys did not present such a claim, but, as the majority opinion says, the claim they did present was a “completely different claim, in no way based on the cession agreements and the Act of 1888, supra.” No claim was presented by the Assiniboine Tribes under the Act of 1888 until the motion to intervene filed on August 7, 1957. This was 11 years after the passage of the Indian Claims Commission Act.
While it is true that the Assiniboine Tribes had employed attorneys to present their claims to the Indian Claims Commission, still, these attorneys did not do so, and any negligence on the part of their attorneys is necessarily imputable to the tribes. It is regrettable that this tribe cannot now assert its rights under the Act of 1888, but we are faced with the unequivocal language of Congress in section 12 of the Indian Claims Commission Act. The claim of this tribe was not presented within five years from the date of the approval of that Act, and section 12 unequivocally states that no claim can thereafter be submitted.